UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

YULONDA WOODS-EARLY, *on behalf of herself and others similarly situated*,

Plaintiff,

- vs -

CORNING INCORPORATED,

Defendant.

**Civil Action No.
18-CV-6162-FPG**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS CLAIMS IN THE FIRST AMENDED COMPLAINT**

MORGAN, LEWIS & BOCKIUS LLP
Grace Speights
Krissy Katzenstein
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541

Michael Burkhardt
Klair Fitzpatrick
1701 Market Street
Philadelphia, PA 19103

NIXON PEABODY LLP
Stephen J. Jones
1300 Clinton Square
Rochester, New York 14604

*Attorneys for Defendant
Corning Incorporated*

# TABLE OF CONTENTS

**Page(s)**

I.     INTRODUCTION ............................................................................................. 1

II.    BACKGROUND AND AMENDED COMPLAINT ALLEGATIONS............................ 4

III.   ARGUMENT .................................................................................................... 7

    A.    This Court Should Dismiss Plaintiff's Class Claims Because She Has Not Pled Plausible Claims that Can Satisfy Rule 23 ...................................................... 7

    B.    Plaintiff's Own Allegations Demonstrate that Her Rule 23 Class Claims Are Not Plausible and Should Be Dismissed.......................................................... 9

         1.    Plaintiff's class claims should be dismissed because she has not plausibly pled the existence of Rule 23(a) commonality........................... 9

         2.    Plaintiff cannot satisfy the requirements of Rule 23(b)(2) or (b)(3)........ 14

    C.    Plaintiff's Promotion Claim Does Not Satisfy Basic Pleading Requirements and Therefore She Lacks Standing to Pursue a Class Promotion Claim. .............................................................................................. 18

IV.   CONCLUSION ............................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander-Jones v. Wal-Mart Stores, Inc.*,
  No. 10-03005 (N.D. Cal. Aug. 2, 2013) ...............................................................................11

*Allison v. Citgo Petroleum Corp.*,
  151 F.3d 402 (5th Cir. 1998) ...............................................................................................17

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................2, 7, 8

*Augustin v. Jablonsky*,
  No. 99-3126, 2001 WL 770839 (E.D.N.Y. Mar. 8, 2001).....................................................15

*Barabin v. Aramark Corp.*,
  210 F.R.D. 152 (E.D. Pa. 2002), *aff'd*, No. 02-8057, 2003 WL 355417 (3d
  Cir. Jan. 24, 2003)................................................................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................................2, 8

*Bell v. Lockheed Martin Corp.*,
  No. 08-6292, 2011 WL 6256978 (D.N.J. Dec. 14, 2011)..................................................9, 13

*Bolden v. Walsh Constr. Co.*,
  688 F.3d 893 (7th Cir. 2012) ...............................................................................................12

*Brown v. Coach Stores, Inc.*,
  163 F.3d 706 (2d Cir. 1998)..................................................................................................18

*Burgis v. New York City Dep't of Sanitation*,
  798 F.3d 63 (2d Cir. 2015)....................................................................................................19

*Chenette v. Kenneth Cole Prods., Inc.*,
  345 F. App'x 615 (2d Cir. 2009) ..........................................................................................19

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013)................................................................................................................15

*Cooper v. Fed. Reserve Bank of Richmond*,
  467 U.S. 867 (1984)..............................................................................................................15

*Copello v. Boehringer Ingelheim Pharm. Inc.*,
  812 F. Supp. 2d 886 (N.D. Ill. 2011) ...................................................................................20

*Ellersick v. Monro Muffler Brake, Inc.*,
   No. 10-6525, 2017 WL 1196474 (W.D.N.Y. Mar. 31, 2017) ............................................8, 16

*In re Family Dollar FLSA Litig.*,
   637 F.3d 508 (4th Cir. 2011) .................................................................................................20

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982)..................................................................................................................9

*Goodwin v. Conagra Poultry Co.*,
   No. 03-1187, 2007 WL 1434905 (W.D. Ark. May 15, 2007) ................................................18

*Griffin v. Dugger*,
   823 F.2d 1476 (11th Cir. 1987) .............................................................................................20

*Gschwind v. Heiden*,
   692 F.3d 844 (7th Cir. 2012) .................................................................................................13

*Hightower v. Wells Fargo Bank, N.A.*,
   No. 17-04119, 2018 WL 1518616 (E.D. Pa. Mar. 28, 2018) .........................................8, 9, 12

*Hughes v. Xerox Corp.*,
   37 F. Supp. 3d 629  (W.D.N.Y. 2014) ....................................................................................19

*Int'l Bhd. of Teamsters v. United States*,
   431 U.S. 324 (1977)................................................................................................................16

*Jim Ball Pontiac-Buick-GMC, Inc. v. DHL Exp. (USA), Inc.*,
   No. 08-761, 2012 WL 370319 (W.D.N.Y. Feb. 3, 2012) .......................................................15

*Johnson v. Nextel Commc'ns. Inc.*,
   780 F.3d 128 (2d Cir. 2015)...................................................................................................17

*Jones v. Nat'l Council of Young Men's Christian Ass'ns of the United States of
   Am.*,
   34 F. Supp. 3d 896 (N.D. Ill. 2014) ......................................................................................13

*Kauffman v. Dreyfus Fund, Inc.*,
   434 F.2d 727 (3d Cir. 1970).................................................................................................20

*Khalifeh v. Duff & Phelps Corp.*,
   No. 16-4572, 2017 WL 1003220 (D.N.J. Mar. 15, 2017) ......................................................19

*Lee v. ITT Corp.*,
   275 F.R.D. 318 (W.D. Wash. 2011) .......................................................................................14

*Lovermi v. BellSouth Mobility, Inc.*,
   962 F. Supp. 136 (S.D. Fla. 1997) .........................................................................................19

*Lucas v. BMS Enters., Inc.*,
    No. 09-2159, 2010 WL 2671305 (N.D. Tex. July 1, 2010).....................................................20

*Maddison v. Comfort Sys. USA (Syracuse), Inc.*,
    No. 17-0359, 2018 WL 679477 (N.D.N.Y. Feb. 1, 2018)........................................................8

*Moore v. Publicis Grp. SA*,
    No. 11-1279, 2014 WL 11199094 (S.D.N.Y. May 15, 2014) ...........................................17, 18

*Mothersell v. City of Syracuse*,
    289 F.R.D. 389 (N.D.N.Y. 2013) ........................................................................................14

*In re Navy Chaplaincy*,
    306 F.R.D. 33 (D.D.C. 2014)................................................................................................8

*O'Shea v. Littleton*,
    414 U.S. 488 (1974)..............................................................................................................20

*Oakley v. Verizon Commc'ns. Inc.*,
    No. 09-9175, 2012 WL 335657 (S.D.N.Y. Feb. 1, 2012)........................................................17

*Reid v. Lockheed Martin Aeronautics Co.*,
    205 F.R.D. 655 (N.D. Ga. 2001).............................................................................................18

*Ross v. Lockheed Martin Corp.*,
    267 F. Supp. 3d 174 (D.D.C. 2017) ...............................................................................10, 12

*Semenko v. Wendy's Int'l, Inc.*,
    No. 12-0836, 2013 WL 1568407 (W.D. Pa. Apr. 12, 2013)....................................................9

*In re Simon II Litig.*,
    407 F.3d 125 (2d Cir. 2005)...................................................................................................17

*Simon v. E. Ky. Welfare Rights Org.*,
    426 U.S. 26 (1976)................................................................................................................20

*Stubbs v. McDonald's Corp.*,
    224 F.R.D. 668 (D. Kan. 2004)........................................................................................12, 20

*Thompson v. Merck & Co.*,
    No. 01-1004, 2004 WL 62710 (E.D. Pa. Jan. 6, 2004)................................................9, 16, 18

*Tracy v. NVR, Inc.*,
    293 F.R.D. 395 (W.D.N.Y. 2013)..........................................................................................17

*Vinole v. Countrywide Home Loans, Inc.*,
    246 F.R.D. 637 (S.D. Cal. 2007), *aff'd*, 571 F.3d 935 (9th Cir. 2009)....................................9

iv

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011).................................................................................... *passim*

**Statutes**

42 U.S.C. § 1981a(c).........................................................................................18

**Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................................7

Fed. R. Civ. P. 23 ..................................................................................... *passim*

## I.      INTRODUCTION

Yulonda Woods-Early, the sole Plaintiff in this action, has filed a First Amended Complaint ("Amended Complaint") in which she has abandoned the previously asserted class claims for alleged gender discrimination, but still purports to represent a broad class of African American employees for alleged class claims of pay and promotion discrimination.  Plaintiff asserts a completely new class theory, alleging for the first time that she is challenging Corning Incorporated's ("Corning") allegedly biased performance evaluation system, which she claims leads to fewer promotions and less pay for African American professionals.  Despite asserting a brand new class theory, the face of the Complaint and Plaintiff's own factual assertions make clear that Plaintiff's claim is still a challenge to managerial discretion.  The Supreme Court and many other courts have held that challenges to the exercise of managerial discretion, which necessarily involve numerous individualized issues, are not susceptible to common proof and therefore, cannot satisfy the commonality requirement for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure.  *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 355 (2011).

In an obvious effort to avoid *Wal-Mart* and state "common sounding" claims, Plaintiff has added new class allegations containing broad sweeping conclusory assertions such as that Corning utilizes unreliable performance criteria ("Corning Values") with the design of promoting non-African American professionals and ensuring that African American professionals are compensated in the three lowest salary ranges and that a few highly paid executives decide all performance evaluations.  However, there are no factual allegations whatsoever to support Plaintiff's newly created conclusory class assertions, and they are not even consistent with the Plaintiff's individual factual allegations, which clearly challenge nothing but managerial discretion.  Supreme Court precedent also provides the standard for how to assess such conclusory allegations on a motion to dismiss.  Courts must evaluate the plausibility of the claims being

asserted, and conclusory and threadbare assertions need not be accepted as true for purposes of determining whether the factual allegations plausibly give rise to a proper claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 678 (2009).

When Plaintiff's conclusory and generalized averments are removed (as they must be to assess the plausibility of her claims), and Plaintiff's factual allegations are evaluated, it is evident that Plaintiff cannot plausibly satisfy the requirements for maintaining a class action under Rule 23 of the Federal Rules of Civil Procedure.  First, the factual allegations underlying Plaintiff's claims demonstrate that she is actually challenging managerial discretion.  Specifically, Plaintiff is challenging the discretionary decisions of her individual manager(s).  On multiple occasions in the Amended Complaint, Plaintiff claims that managers, who decide performance ratings, have unfettered discretion to determine the ratings employees receive.  Plaintiff specifically complains that during each of her performance evaluations, her manager either refused to give her a rating or allegedly gave her a lower rating than she deserved.  Plaintiff further alleges that her manager added hurdles to her success such as removing from her review work that Plaintiff had done on a significant project, which negatively impacted her ratings.  And finally, Plaintiff asserts that her managers made statements to her demonstrating discriminatory animus toward her.  Nowhere in any of Plaintiff's own allegations does she claim that the use of "Corning Values" led to her receiving a lower performance rating or that any "highly compensated executive" decided her performance ratings.  In other words, Plaintiff's factual allegations are nothing more than a claim that her managers exercised their managerial discretion and intentionally discriminated against her.  Accordingly, based on *Wal-Mart,* Plaintiff cannot plausibly satisfy the commonality requirement under Rule 23(a), which she must first do to proceed with a class action.

Even if Plaintiff could satisfy Rule 23(a), her class claims still fail because Plaintiff cannot plausibly satisfy any of the requirements of Rule 23(b), which she also must do to maintain a class action.[1] First, the Supreme Court and other courts have held that a plaintiff cannot certify a class under Rule 23(b)(2) where, as here, she seeks monetary relief, including backpay, compensatory, and punitive damages.  Second, because individual issues regarding each class member's substantive claims and entitlement to monetary relief will predominate over any possibly common questions, Plaintiff cannot satisfy Rule 23(b)(3) where common claims must predominate over individual issues and where a class action must be the superior means of resolving each purported class member's claims.  Based on the highly individualized claims being asserted that challenge managerial discretion and involve individual circumstances and defenses, Plaintiff cannot plausibly meet the requirements of Rule 23(b)(3).  Accordingly, Plaintiff cannot plausibly satisfy Rule 23(b) and her class claims should be dismissed.

Furthermore, Plaintiff's individual promotion claim fails as a matter of law and should be dismissed, which also precludes her from pursuing class claims for alleged promotion discrimination.  Plaintiff fails to meet the basic pleading requirements—Plaintiff must identify a particular job for which she applied and the less qualified individual who received the position.[2] Having failed to do so, Plaintiff's claim is subject to dismissal.  And, without a viable individual promotion claim, Plaintiff lacks standing to pursue such a claim on behalf of a class.

---

[1]     Plaintiff must meet one of the three prongs of Rule 23(b).  However, as explained below, Rule 23(b)(1) is inapplicable here, so Plaintiff must satisfy either Rule 23(b)(2) or (b)(3) to proceed with a class action.

[2]     In response to Corning's original Motion to Dismiss (Dkt. 11), Plaintiff deleted all references to any positions about which she complained in the original complaint, all of which were time barred (Dkt. 16), and has included no new allegations of any specific promotions that she was allegedly denied.

## II.     BACKGROUND AND AMENDED COMPLAINT ALLEGATIONS

Plaintiff Yulonda Woods-Early, an African-American woman, originally filed this action on February 23, 2018, bringing claims of alleged gender and race discrimination and purporting to represent a class of current and former employees with regard to pay, hiring and promotion claims.  Dkt. 1.  Defendant Corning moved to dismiss the class claims in the original complaint because the nature of the claims asserted were not susceptible to class treatment.  Dkt. 11.  In response to Corning's Motion to Dismiss, Plaintiff filed an Amended Complaint, and although she abandoned the majority of her previously asserted class claims, Plaintiff still seeks to represent a class of Black and/or African American current, former and future employees for alleged race discrimination in pay and promotions.[3]  Dkt. 16.

In her original complaint, Plaintiff contended that Corning discriminated against a class of African American employees because it allegedly had a practice of placing African American employees in non-traditional roles with lower salaries and limited upward mobility.  Dkt. 1 ¶¶ 4-5.  She also claimed that, "most critically," Corning discriminated against African American employees by having a practice of rounding down the performance scores of African American employees and rounding up those of white employees.  Dkt. 1 ¶¶ 6-7.

In her Amended Complaint, Plaintiff abandoned these allegations and now asserts brand new purported class claims, alleging for the first time that Corning implemented a flawed performance evaluation process based on allegedly unreliable criteria (i.e., the seven "Corning

---

[3]      Despite alleging in her original complaint that she was "the only Marketing Consultant I to ever work at Corning" (Dkt. 1 ¶ 84)—which she subsequently deleted from her Amended Complaint—Plaintiff purports to represent all Black and/or African American "Professionals" in pay bands A, B and/or C—defined by Plaintiff as "highly-educated employees who design, engineer, and conduct market research and strategy for the Company's products."  Am. Compl. ¶¶ 8, 23,189-190.

Values") with the design of promoting non-African American professionals and ensuring that African American professionals are compensated in the three lowest salary ranges. Am. Compl. ¶ 2. Plaintiff further contends, again for the first time, that Corning's most highly compensated executives control all performance rating decisions, which disfavor African American employees and prevent them from advancing at the Company.[4] Am. Compl. ¶¶ 4-5. Lastly, Plaintiff alleges that because of the allegedly biased performance evaluation system, which she claims leads to lower performance ratings, African American professionals are denied promotions and paid less. Am. Compl. ¶ 28.

As was true with Plaintiff's first Complaint, on the face of the Amended Complaint, it is evident that Plaintiff's claims are actually premised on a challenge to managerial discretion and alleged intentional discrimination by managers. Throughout her new class claims, Plaintiff continues to allege that "<u>direct supervisors or Managers</u>," issue performance ratings and have "unfettered discretion" to assign a performance rating.[5] Am. Compl. ¶¶ 49-52. <u>Managers</u> also allegedly have unlimited discretion to add or remove Participant raters for an employee, to increase or decrease the total number of Participant raters that an employee must have, to disregard some or all of the Participant ratings, and to even change Participant's ratings or contact Participants directly to convince them to change their ratings. Am. Compl. ¶ 49. In addition, Plaintiff alleges

---

[4]     No such allegation existed in the original complaint.

[5]     According to the Amended Complaint, a Professional first completes a self-evaluation and then his/her direct supervisor or manager must complete a performance evaluation and rate the employee on a scale of 1-5 for each Corning Value and overall. Am. Compl. ¶¶ 35, 38-39. Managers also consider Participant ratings. For Participant ratings, the employee is required to identify between 2-7 individuals for whom they have worked during the previous year; each is asked to complete an evaluation on a scale of 1-5 for each Corning Value and overall. Am. Compl. ¶¶ 43-45. Once the Participant ratings are received, they are combined into one overall Participant rating. Am. Compl. ¶ 45. A Professional's Final rating is a combination of the rating from the employee's direct supervisor or "Manager" and the Participant ratings. Am. Compl. ¶ 54.

that managers consider their own ratings and Participant ratings but are not required to follow any formula and managers retain "unfettered discretion" to record any rating between 1 and 5 as a Final rating.  Am. Compl. ¶¶ 54-55.  In fact, Plaintiff contends that managers even retain discretion not to complete evaluations at all and no Final rating can be issued without a manager rating.  Am. Compl. ¶¶ 56-57.

Plaintiff's own factual allegations further evidence that her claims are premised entirely on individualized managerial conduct—they continue to be solely focused on the alleged discriminatory conduct of her managers.  Plaintiff is a former Marketing Consultant who worked at Corning from August 13, 2007 through approximately December 4, 2015.  Am. Compl. ¶¶ 80, 82.  Plaintiff avers that Corning hired her as a Marketing Consultant I in 2007, and promoted her to "Marketing Consultant II" in 2011.  Am. Compl. ¶¶ 82-83.  Plaintiff complains that during each of her performance evaluations, her manager either refused to give her a Final rating or allegedly gave her a Final rating of 3 even though her raw numbers justified a Final rating of at least 4.  Am. Compl. ¶ 88.  Specifically, Plaintiff alleges that she did not receive a Final rating in 2010, 2011, and 2013 because her manager did not complete her evaluations.  Am. Compl. ¶ 89.  In other years, Plaintiff claims that she received a Final rating of 3 from her manager even though her Participant ratings justified a rating of a 4.  Am. Compl. ¶ 90.  Plaintiff further alleges that her manager added hurdles to success that deflated her performance ratings such as removing work that Plaintiff had done on a significant project, which negatively impacted her Participant ratings.  Am. Compl. ¶¶ 92-97.  Plaintiff also contends that her manager discriminatorily gave her a lower Final rating of 3 because her manager personally reached out to two of her Participant raters and convinced them that they should have given her a 3 rating instead of a 4.  Am. Compl. ¶¶ 99-100.  Plaintiff further asserts that her managers made statements to her evincing discriminatory animus such as asking

her if she knew the difference between Austria and Australia and making a reference to being like Oprah.  Am. Compl. ¶¶ 101-103.

Nowhere in any of Woods-Early's allegations does she claim that the "seven Corning Values" led to her receiving a lower performance rating or that any "highly compensated executive" decided her performance ratings.  As detailed above, Plaintiff's factual allegations are nothing more than a claim that <u>her managers</u> intentionally discriminated against her and gave her lower performance ratings than she deserved and lower than her Participant ratings justified. Despite her own unique circumstances, however, Plaintiff continues to seek a class action for disparate impact and disparate treatment race discrimination claims on behalf of Black and/or African American "Professionals."  Am. Compl. ¶¶ 8, 23; (Count I-III, IV-V).[6]

## III.    ARGUMENT

### A.    This Court Should Dismiss Plaintiff's Class Claims Because She Has Not Pled Plausible Claims that Can Satisfy Rule 23.

Federal Rule of Civil Procedure ("Rule") 12(b)(6) mandates dismissal of a complaint where, as here, the plaintiff "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 663, 678.  This requires a plaintiff to allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  Allegations that are '"merely consistent with' a defendant's liability, [] 'stop[] short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (quoting *Bell Atl. Corp.*, 550 U.S. at 557).  Nor can a plaintiff rely on a "the-defendant-unlawfully-harmed-me accusation" or "a formulaic recitation of the elements of a cause

---

[6]        Plaintiff also asserts individual retaliation claims.  Am. Comp. Counts VI-VIII.

of action." *Id.* at 663, 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).  Conclusory and threadbare assertions "are not entitled to the assumption of truth," and the court need only accept as true any remaining factual allegations and determine whether those factual allegations "plausibly give rise to an entitlement to relief." *Id.* at 664.

"The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart*, 564 U.S. at 348 (citation omitted); *see Ellersick v. Monro Muffler Brake, Inc.*, No. 10-6525, 2017 WL 1196474, at *3 (W.D.N.Y. Mar. 31, 2017) (Geraci, J.).  At the pleading stage, Plaintiff must put forward allegations that plausibly satisfy Rule 23(a) and (b).  Rule 23(a) contains four requirements—numerosity, commonality, typicality and adequacy.  Fed. R. Civ. P. 23(a).  In addition to plausibly pleading each element of Rule 23(a), Plaintiff also must demonstrate that she can satisfy either Rule 23(b)(2) or (b)(3).[7]

Where, as here, "a defendant demonstrate[s] from the face of the [c]omplaint that it would be impossible to certify the alleged class regardless of the facts [the] [p]laintiffs may be able to obtain during discovery," dismissal is appropriate.  *Maddison v. Comfort Sys. USA (Syracuse), Inc.*, No. 17-0359, 2018 WL 679477, at *7 (N.D.N.Y. Feb. 1, 2018); *see also Ellersick*, 2017 WL 1196474, at *3 (Geraci, J.) ("The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met."); *Hightower v. Wells Fargo Bank, N.A.*, No. 17-04119, 2018 WL 1518616 (E.D. Pa. Mar. 28, 2018) (striking class claims because the complaint made clear that they could not meet the requirements for class certification); *Semenko v. Wendy's Int'l, Inc.*, No. 12-0836, 2013 WL 1568407, at *11 (W.D. Pa. Apr. 12, 2013) (striking class allegations in the pleadings "[where] no amount of

---

[7]    Rule 23(b)(1) does not apply to discrimination claims cases like here where plaintiffs routinely prosecute separate actions. *See, e.g.*, *Wal-Mart*, 564 U.S. at 361 at n. 11; *In re Navy Chaplaincy*, 306 F.R.D. 33, 56 (D.D.C. 2014).

discovery will demonstrate that the class can be maintained"); *Vinole v. Countrywide Home Loans, Inc.*, 246 F.R.D. 637, 639 (S.D. Cal. 2007) ("But clearly a defense-driven determination of class certification is appropriate when 'awaiting further discovery will only cause needless delay and expense.'") (citation omitted), *aff'd*, 571 F.3d 935 (9th Cir. 2009)); *Thompson v. Merck & Co.*, No. 01-1004, 2004 WL 62710, at *2 (E.D. Pa. Jan. 6, 2004) (striking class allegations from complaint where allegations made clear that no amount of class discovery would allow plaintiff to satisfy the requirements of Rule 23(b)(2) or (b)(3)).[8]

**B.**     **Plaintiff's Own Allegations Demonstrate that Her Rule 23 Class Claims Are Not Plausible and Should Be Dismissed.**

**1.**     **Plaintiff's class claims should be dismissed because she has not plausibly pled the existence of Rule 23(a) commonality.**

The Court should dismiss Plaintiff's class claim because she will not be able to establish commonality, as she must under Rule 23(a).  Commonality demands that all class members' claims "depend upon a common contention . . . [that] is capable of classwide resolution." *Wal-Mart*, 564 U.S. at 350.  Simply articulating a common question is not enough—"[w]hat matters to class

---

[8]     In the alternative, Rule 23(d) also provides the Court with the means to strike the class allegations now and prevent wasteful discovery.  Fed. R. Civ. P. 23(d)(1)(D) ("In conducting an action under this rule, the court may issue orders that require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly.").  The Supreme Court has recognized that a court may determine at the *pleading stage* whether a plaintiff can satisfy Rule 23's class certification requirements.  *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982); *see also Hightower*, 2018 WL 1518616 (striking class allegations where complaint allegations showed that plaintiffs' claims were not certifiable under Rule 23 and the Supreme Court's *Wal-Mart* decision); *Bell v. Lockheed Martin Corp.*, No. 08-6292, 2011 WL 6256978 (D.N.J. Dec. 14, 2011) (denying certification before conclusion of discovery on the basis that the complaint allegations could not give rise to a viable class); *Barabin v. Aramark Corp.*, 210 F.R.D. 152, 162 (E.D. Pa. 2002), *aff'd*, No. 02-8057, 2003 WL 355417 (3d Cir. Jan. 24, 2003) (affirming decision to strike class allegations where it was evident from the complaint that plaintiff could not satisfy Rule 23)  Whether analyzed as a Rule 23(d)(1)(D) motion to strike or a Rule 12(b)(6) motion to dismiss, the same standard applies—Plaintiff's factual allegations accepted as true must be sufficient to state a viable class claim.

certification is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* This requires that Plaintiff demonstrate "that examination of all the class members' claims for relief will produce a common answer to the crucial question *why was I disfavored*." *Id.* at 352. Without a specific policy challenged or some other "glue" holding together Plaintiff's claims, she cannot satisfy the commonality requirement. As one court also recently explained that, "[i]t cannot be overstated that Plaintiffs' mere reliance on [a complaint allegation of a] racial disparity in overall employment outcomes does not establish commonality, because 'merely proving that [a] discretionary system has produced a racial or sexual disparity *is not enough.*'" *Ross v. Lockheed Martin Corp.*, 267 F. Supp. 3d 174, 200 (D.D.C. 2017) (quoting *Wal-Mart*, 564 U.S. at 357).

Plaintiff's newfound (and conclusory) claims that she is challenging the use of seven Corning Values and highly paid executives control over all performance evaluations are as implausible as her original allegations. *See* Infra Section II. Just as the Supreme Court stated in *Walmart,* merely stating something that sounds like a common question as Plaintiff has done in the Amended Complaint is insufficient to proceed with a class claim. *Wal-Mart*, 564 U.S. at 350. There must be a common question that is susceptible to generating common answers for all class members. *Id.* For example, even if Plaintiff alleged that she was unfairly rated on the "Corning Values," determining whether her manager's assessment was discriminatory does nothing to inform whether the manager of any other African American employee acted in a discriminatory manner. Even throughout her new class claims, Plaintiff continues to allege that "<u>direct supervisors or Managers</u>," issue performance ratings and have "unfettered discretion" to assign a performance rating or to not even complete an evaluation. Am. Compl. ¶¶ 49-52, 56-57. <u>Managers</u> allegedly have unlimited discretion to add or remove Participant raters for an employee, to increase

or decrease the total number of Participant raters that an employee must have, to disregard some or all of the Participant ratings, and to even change Participant's ratings or contact Participants directly to convince them to change their ratings.  Am. Compl. ¶ 49.  In addition, Plaintiff alleges that <u>managers</u> do not have to follow a formula and retain "unfettered discretion" to record any rating between 1 and 5 as a Final rating.  Am. Compl. ¶¶ 54-55.

In *Wal-Mart v. Dukes*, the Supreme Court rejected a classwide challenge to similar discretionary decisions because it is incompatible with Rule 23(a)'s commonality requirement:

> [L]eft to their own devices most managers in any corporation—and surely most managers in a corporation that forbids sex discrimination—would select sex-neutral, performance-based criteria for hiring and promotion that produce no actionable disparity at all.  Others may choose to reward various attributes that produce disparate impact—such as scores on general aptitude tests or educational achievements.  And still other managers may be guilty of intentional discrimination that produces a sex-based disparity.  In such a company, *demonstrating the invalidity of one manager's use of discretion will do nothing to demonstrate the invalidity of another's.  A party seeking to certify a nationwide class will be unable to show that all the employees' Title VII claims will in fact depend on the answers to common questions.*

*Wal-Mart*, 564 U.S. at 355-56 (emphasis added) (internal citations omitted).  In a related matter following the Supreme Court's decision, a district court held: "In Plaintiffs' view, managers, who were left without meaningful guidance in applying the impossibly vague criteria, fell back on their own stereotyped views of women in making pay and promotion decisions.  That is a perfectly logical theory, but [this is a challenge to the] practice of delegating discretion to local managers, which the Supreme Court specifically held was <u>not</u> a specific employment practice supplying a common question sufficient to certify a class."  *Alexander-Jones v. Wal-Mart Stores, Inc.*, No. 10-03005, Dkt. 59 (N.D. Cal. Aug. 2, 2013) (internal citations omitted).

Other courts at the pleading stage have reached the same conclusion affirming that challenges to managerial discretion are not capable of class-wide resolution.  For example, in *Hightower*, the court dismissed plaintiffs' race discrimination pay and promotion class claims on

11

a motion to dismiss where the allegations demonstrated that the conduct of individual managers allegedly resulted in discrimination, which necessarily fell short of the standard established by the Supreme Court.  2018 WL 1518616.  In so holding, the court explained, "To plead a class-based discrimination case after *Dukes*, a plaintiff must identify, with some degree of precision, policies or systemic behavior that uniformly affects the proposed class members.  The complaint here fails to do so, and . . . is internally inconsistent in ways that make the case unlikely to be eligible for class certification."  *Id.* at \*7.  In *Ross v. Lockheed Martin Corporation*, the court denied class certification for settlement purposes based on the complaint allegations because plaintiffs' challenge to the performance evaluation system was in reality a challenge to how individual supervisors exercised their discretion within that system even though they all used the same rubric to grade employees.  267 F. Supp. 3d at 198; *see also Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 675 (D. Kan. 2004) (striking class promotion claim because it "necessarily will involve countless different supervisors, positions, qualifications, and experience" and "[a]llegations of decentralized, individualized decision-making are fatal to Plaintiff's ability to set forth a common claim of promotion discrimination") (citations omitted).

Similarly, courts have found that attempts, like here, to repackage a challenge to managerial discretion as a challenge to so-called companywide policies/practices, cannot satisfy the requirement for Rule 23(a) commonality.  *See, e.g.*, *Bolden v. Walsh Constr. Co.*, 688 F.3d 893, 898 (7th Cir. 2012) ("*Wal-Mart* tells us that local discretion cannot support a company-wide class no matter how cleverly lawyers may try to repackage local variability as uniformity."); *Gschwind v. Heiden*, 692 F.3d 844, 848 (7th Cir. 2012) ("[A]n employer's policy of granting its supervisors discretion to make personnel decisions can't be the subject of a class action against the employer by employees complaining of discrimination by the supervisors."); *Jones v. Nat'l*

12

*Council of Young Men's Christian Ass'ns of the United States of Am.*, 34 F. Supp. 3d 896, 906 (N.D. Ill. 2014) ("The fact that there was some structure to the evaluation, compensation, and promotion process does not change the fact that the structure reinforced the discretionary nature of the decisionmaking in this area."); *Bell v. Lockheed Martin Corp.*, No. CIV. 08-6292 RBK/AMD, 2011 WL 6256978 (D.N.J. Dec. 14, 2011) (rejecting argument that guidelines around starting salary, merit increases, promotional increases and job postings gave rise to commonality because plaintiffs' claims depended on the discretion of individual managers).

Plaintiff's conclusory class allegations about Corning's performance management system and the involvement of highly paid executives also are implausible because they are completely disconnected from Plaintiff's own factual allegations. Plaintiff's factual allegations demonstrate clearly that she is challenging her manager's decisions relating to her performance reviews , which she contends led to her being paid less and ineligible for promotion.[9] *See* Infra Section II. Indeed, Plaintiff is clearly challenging the allegedly discretionary conduct of her individual managers— her manager refusing to give her a performance rating in some years, her manager giving her a lower rating than was justified by her Participant ratings, her manager's overtures to Plaintiff's performance reviewers to reduce Plaintiff's Participant ratings, her manager removing work that Plaintiff had done on a significant project, and her manager making statements to her allegedly evincing discriminatory animus such as asking her if she knew the difference between Austria and Australia and making a reference to being like Oprah. Am. Compl. ¶¶ 88-90; 92-97; 99-100; 101-103. The validity or lack thereof of each of these claims will be specific only to Plaintiff and the specific decision-maker. Accordingly, an examination of Plaintiff's own claims will not address,

---

[9]     Plaintiff premises her pay and promotion claims entirely on her highly individualized performance review allegations, arguing that, because of her lower performance ratings, her pay and promotion opportunities suffered. Am. Compl. ¶¶ 2, 5, 22, 28, 136.

much less produce a common answer, to whether any other class member was disfavored.  *Wal-Mart*, 564 U.S. at 352.  Plaintiff's factual allegations therefore belie any suggestion of a common mode of decision-making that resulted in discrimination against all members of a proposed class. Such circumstances cannot plausibly satisfy Rule 23(a) commonality.

### 2.      Plaintiff cannot satisfy the requirements of Rule 23(b)(2) or (b)(3).

Even if Plaintiff could somehow satisfy Rule 23(a), Plaintiff will not be able to satisfy the requirements of either Rule 23(b)(2) or (b)(3).  First, because Plaintiff seeks monetary awards for backpay, compensatory, and punitive damages, she cannot satisfy Rule 23(b)(2).[10]  In *Wal-Mart*, the Supreme Court unanimously held that "claims for *individualized* relief (like the backpay at issue here) do not satisfy [Rule 23(b)(2)]."  564 U.S. at 360.  Thus, it is settled law that claims for individualized monetary relief, such as backpay, frontpay, compensatory damages, and punitive damages cannot be certified under Rule 23(b)(2).  S*ee id.* at 360-61 (Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages"); *Mothersell v. City of Syracuse*, 289 F.R.D. 389, 401 (N.D.N.Y. 2013) (no Rule 23(b)(2) certification "[b]ecause the amended complaint seeks compensatory and punitive damages as well as injunctive and declaratory relief"); *Lee v. ITT Corp.*, 275 F.R.D. 318, 325 (W.D. Wash. 2011) ("individualized awards of monetary damages in the form of backpay and retroactive compensation for benefits" unavailable under Rule 23(b)(2)).[11]

---

[10]      Rule 23(b)(2) permits certification only where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2) (emphasis added).

[11]      Even before *Wal-Mart*, a Rule 23(b)(2) class could not seek compensatory and punitive damages.  *See, e.g.*, *Augustin v. Jablonsky*, No. 99-3126, 2001 WL 770839, *9 (E.D.N.Y. Mar. 8, 2001) (no Rule 23(b)(2) certification because the "non-incidental nature of the compensatory and

Second, Plaintiff also cannot meet the demanding standard under Rule 23(b)(3) where a court must find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  Rule 23(b)(3)'s predominance requirement is even more demanding than Rule 23(a)'s commonality requirement.  *See Comcast Corp. v. Behrend*, 569 U.S. 27 (2013); *Jim Ball Pontiac-Buick-GMC, Inc. v. DHL Exp. (USA), Inc.*, No. 08-761, 2012 WL 370319, at \*6 (W.D.N.Y. Feb. 3, 2012) (Curtin, J.) (predominance "is much more stringent than the commonality requirement").

To adjudicate this case, the fact finder must inquire—for each class member—into "the reason for [the] particular employment decision" at issue and the bases for any resulting damages. *Wal-Mart*, 564 U. S. at 352 (citing *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 876 (1984)).  These inquiries are specific to the relevant decision-maker, the type of employment decision challenged, the circumstances surrounding the decision, and how the decision affected the relevant class member.  By way of example, resolution of just Plaintiff's claims will require discovery and analysis into the reasons why Plaintiff's manager rated her a "3" instead of a "4" in 2014; why Plaintiff did not receive a performance evaluation in some years; Corning's defenses as to each of these claims, including analysis of the proffered legitimate business justifications for each of these challenged decisions; the extent to which Plaintiff suffered emotional distress as a result of these individualized decisions; whether Plaintiff sought medical treatment for the same; and so on.

---

punitive damages sought by Plaintiffs demonstrates that their money damages claims predominate over their claims for declaratory and injunctive relief").

Further, due process entitles the defendant to a liability determination as to *each* class member.  *See, e.g.*, *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 360-62 (1977) (noting right of employer to show lawful reasons for treatment of individual employees); *Wal-Mart*, 564 U.S. at 367 ("Because the Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right,' a class cannot be certified on the premise that Wal-Mart will not be entitled to litigate its statutory defenses to individual claims.") (internal citations omitted)).  Thus, Corning is allowed to present individualized defenses to each alleged instance of discrimination to show that the manager exercised discretion in a legitimate, non-discriminatory manner.  Such defenses are particular to each manager and class member.  As such, proceeding as a class action would do little more than connect otherwise disconnected claims that do not share common evidence, decision-makers, or even theories.  Such claims are best brought as separate actions.  *See, e.g.*, *Ellersick*, 2017 WL 1196474, at *7 (Geraci, J.) ("Because this week-by-week and employee-by-employee determination is highly individualized, the Court finds that the highly individualized nature of . . . the defense for the over 1,100 Plaintiffs, with the multiple layers of determinations to be made as to each of those Plaintiffs, leads to the inescapable conclusion that these individualized determinations would predominate over the entire case.").

Beyond liability, claims for compensatory and punitive damages also focus on facts and issues specific to individuals rather than the class as a whole, including, for example, "what kind of discrimination was each plaintiff subjected to, how did it affect each plaintiff emotionally and physically, at work and at home; what medical treatment did each plaintiff receive and at what expense, and so on and so on."  *Thompson*, 2004 WL 62710, at *4 (citation omitted); *see also Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 419 (5th Cir. 1998) ("[R]ecovery of compensatory and punitive damages in Title VII cases requires individualized and independent proof of injury

to, and the means by which discrimination was inflicted upon, each class member."). Thus, individual hearings would be necessary to determine each class member's right to compensatory and punitive damages. *See Johnson v. Nextel Commc'ns. Inc.*, 780 F.3d 128, 148-50 (2d Cir. 2015) (holding punitive damages inquiry did not satisfy predominance or superiority because it must be tethered to each plaintiffs' compensatory damages, which, in turn, required a determination of actual injury (citing *In re Simon II Litig.*, 407 F.3d 125, 131-39 (2d Cir. 2005)).

Because liability and damages issues inevitability will predominate over common questions, if there were any, Rule 23(b)(3) certification is unavailable. *See, e.g.*, *Moore v. Publicis Grp. SA*, No. 11-1279, 2014 WL 11199094, at *8 (S.D.N.Y. May 15, 2014) (denying certification in gender discrimination case because "[n]ot only will there need to be individual investigation into liability issues, but there will also need to be individualized calculation of damages—compensatory, punitive, back pay, and front pay—based on the circumstances of each class member's case" and "these issues would predominate over any common issues"); *Tracy v. NVR, Inc.*, 293 F.R.D. 395, 401 (W.D.N.Y. 2013) (Larimer, J.) (refusing to certify class in light of liability and damages questions); *Oakley v. Verizon Commc'ns. Inc.,* No. 09-9175, 2012 WL 335657, at *17 (S.D.N.Y. Feb. 1, 2012) (denying class certification).

Even if Plaintiff could establish predominance, which she cannot, Plaintiff's class claims nevertheless also fail Rule 23(b)(3)'s superiority requirement because a class action would not be the most efficient means of adjudicating the claims of the putative classes. Certification of the class would require hearings into liability and each class member's individual monetary damages claims, and because Corning is entitled to a jury determination regarding compensatory and punitive damages, there would be a separate jury trial in each hearing regarding the individual employment circumstances of each putative class member. *See* 42 U.S.C. § 1981a(c) ("If a

17

complaining party seeks compensatory or punitive damages, under this section – (1) any party may demand a trial by jury.").[12]   Under these circumstances there is no plausible class and Plaintiff's Rule 23 claims should be dismissed.

### C.   Plaintiff's Promotion Claim Does Not Satisfy Basic Pleading Requirements and Therefore She Lacks Standing to Pursue a Class Promotion Claim.

The implausibility of Plaintiff's Rule 23 theory is not the only flaw that precludes class treatment.   Plaintiff's promotion claim also should be dismissed because Plaintiff has not sufficiently pled that claim on an individual basis and, for this additional reason, Plaintiff lacks standing to pursue that claim on behalf of a class.

Plaintiff has not pled any facts capable of supporting a promotion claim:  she has not specified any promotions to which she applied during the class period, the identity of a less qualified individual outside of her protected status who received the promotions, or any circumstances giving rise to an inference of discrimination or retaliation.   *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998) ("[A] plaintiff [must] allege that she or he applied for a specific position or positions, and was rejected therefrom, rather than merely asserting that

---

[12]      *See also Moore*, 2014 WL 11199094, at *8 (holding plaintiffs could not satisfy superiority because the case would require mini trials for each class member); *Goodwin v. Conagra Poultry Co.*, No. 03-1187, 2007 WL 1434905, at *16 (W.D. Ark. May 15, 2007) ("Questions affecting individual class members, such as how they were discriminated against and how it affected them individually, will require the Court to conduct a series of mini-trials to determine both liability and damages for each class member.   Therefore, any economy that would be achieved by class treatment is lost . . . [and] certification under Rule 23(b)(3) is not appropriate in this case."); *Thompson*, 2004 WL 62710, at *4-5 (striking class allegations where plaintiffs "failed to meet the superiority requirement of (b)(3) . . . [s]ince individual issues dominate with respect to both liability and damages, the economies of time, effort and expense which are the very goals of the class action would not be achieved" where plaintiffs "allege that they were exposed to the alleged discrimination in varying ways, by different people, for different amounts of time and experienced different injuries"); *Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 686 (N.D. Ga. 2001) (finding that individual issues in pattern or practice claim reduced manageability "and would result in a series of essentially separate lawsuits").

on several occasions she or he generally requested promotion."); *Burgis v. New York City Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015) (affirming dismissal of Section 1981 promotion claims where plaintiffs had been promoted once and "fail[ed] to provide meaningful specifics" about the promotions that they were denied); *Hughes v. Xerox Corp.*, 37 F. Supp. 3d 629, 642-43 (W.D.N.Y. 2014) (dismissing promotion claim because plaintiff alleged only that she "continued to interview for higher positions with Defendant but was unsuccessful"); *Chenette v. Kenneth Cole Prods., Inc.*, 345 F. App'x 615, 619 (2d Cir. 2009); *Khalifeh v. Duff & Phelps Corp.*, No. 16-4572, 2017 WL 1003220, at *4-5 (D.N.J. Mar. 15, 2017) (dismissing promotion claim because his complaint did "not identify: any specific promotion or position that Plaintiff sought but was denied based on his membership in a protected class, the requirements of any such position, Plaintiff's own qualifications in relation to any such position, the qualifications of any other employee that received a promotion instead of Plaintiff, or any other facts describing the circumstances of such discrimination"); *Lovermi v. BellSouth Mobility, Inc.*, 962 F. Supp. 136, 137-41 (S.D. Fla. 1997) (dismissing promotion claim because, *inter alia*, plaintiff failed to identify position allegedly sought and because she failed to allege that another position was filled by an equally or less qualified employee not in the plaintiff's protected class).  Plaintiff's Amended Complaint fails to identify any specific position to which was denied, let alone allege that it would have been a promotion and that an equal or less qualified individual was selected over her.[13]  Accordingly, Plaintiff's failure to promote claim should be dismissed.

---

[13]     All of the allegations from the original complaint (Dkt. 1) about jobs and/or alleged promotions that Plaintiff claimed to have been denied were deleted in response to Corning's original Motion to Dismiss asserting that her claims were time-barred and insufficient.  Dkt. 16. Plaintiff did not add any new allegations in the Amended Complaint identifying any positions to which she was denied a promotion.

Because Plaintiff's promotion claim fails as a matter of law, Plaintiff lacks standing to assert that claim on a class-wide basis.  It is well established that standing is a threshold issue for any case, including class actions and dismissal is appropriate where the named plaintiff lacks standing.  *See, e.g.*, *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (holding that class treatment "adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent'"); *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *see also Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 734 (3d Cir. 1970) ("What [Plaintiff] may not achieve himself, he may not accomplish as a class representative."); *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) (holding that current employee did not have standing to bring a class action on behalf of unsuccessful job applicants); *Lucas v. BMS Enters., Inc.*, No. 09-2159, 2010 WL 2671305, at *2 (N.D. Tex. July 1, 2010) ("The standing requirement is no different in a collective action suit" than in a Rule 23 class action); *Stubbs*, 224 F.R.D. at 674-75 (holding plaintiff was not an adequate class representative and lacked standing to represent a class where the court dismissed his plaintiff's individual claims); *see also In re Family Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011) ("Without a viable claim, [plaintiff] cannot represent others whom she alleged were similarly situated."); *Copello v. Boehringer Ingelheim Pharm. Inc.*, 812 F. Supp. 2d 886, 897 (N.D. Ill. 2011) (collective action under § 216(b) may not proceed when plaintiff's claims dismissed). As such, the Court should dismiss Plaintiff's class promotion claims.

## IV.    CONCLUSION

For the foregoing reasons, Corning respectfully requests that the Court grant its motion to dismiss Plaintiff's class and promotion claims.

Dated: July 25, 2018                    MORGAN, LEWIS & BOCKIUS LLP


By: */s/ Michael S. Burkhardt*
      Grace Speights (*pro hac vice forthcoming*)
      Krissy Katzenstein (*pro hac vice forthcoming*)
      1111 Pennsylvania Avenue, NW
      Washington, DC 20004-2541
      Tel:  202.739.3000
      grace.speights@morganlewis.com
      krissy.katzenstein@morganlewis.com

      Michael Burkhardt
      Klair Fitzpatrick (*pro hac vice forthcoming*)
      1701 Market Street
      Philadelphia, PA  19103
      Tel: 215.963.5000
      michael.burkhardt@morganlewis.com
      klair.fitzpatrick@morganlewis.com


      NIXON PEABODY LLP


By:  */s/ Stephen J. Jones*
      Stephen J. Jones
      1300 Clinton Square
      Rochester, New York 14604
      Telephone: (585) 263-1000
      sjones@nixonpeabody.com

      *Attorneys for Defendant Corning Incorporated*